**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: UNION TRUST PHILADELPHIA, LLC | : | MISCELLANEOUS ACTION |
| | : | |
| Debtor. | : | |
| | : | |
| UNION TRUST PHILADELPHIA, LLC, | : | NO. 11-141 |
| | : | |
| Plaintiff/Appellee, | : | |
| | : | |
| v. | : | |
| | : | |
| SINGER EQUIPMENT COMPANY, INC., | : | |
| | : | |
| Defendant/Appellant, | : | |
| | : | |
| SUNLIGHT ELECTRICAL CONTRACTING | : | |
| COMPANY, INC. AND THOMAS MACKIN, | : | |
| | : | |
| Other Defendants. | : | |

**MEMORANDUM ON MOTION FOR STAY PENDING APPEAL**

**Baylson, J.**                                                                                 **August 2, 2011**

Appellant Singer Equipment Company, Inc. ("Singer") filed a Motion for Stay Pending

Appeal requesting the Court to stay the effect a June 7, 2011 order of the United States

Bankruptcy Court for the Eastern District of Pennsylvania.  (Mot. for Stay, ECF No. 1.)  After

careful consideration of Singer's Motion, the parties' briefs and supplemental memoranda, and

after a hearing on the Motion, and for the following reasons, the Court will **deny** Singer's

Motion.

**I.       Background**

On March 31, 2011, Union Trust Philadelphia, LLC ("Union Trust") filed for Chapter 11

bankruptcy.  (Mot. for Stay Memo., ECF No. 1-1, at 4.)  Its principals, Joseph Grasso ("Grasso")

and Garrett Miller ("Miller"), did not.  (Id.)  Shortly thereafter, on April 1 or April 4, the Court of

Common Pleas for Philadelphia County entered a judgment enforcing a settlement between,

among others, Chestnut Restaurant Ventures, LLC ("CRV"), Grasso, Miller, and Singer.  (Id.)

According to Singer, this judgment arises from a unique set of circumstances.  Grasso and Miller

were previously two principals of CRV.  (Id. at 2.)  CRV purchased equipment from Singer for

approximately $500,000.  (Id.)  While disputing Union Trust's efforts to collect on its contracts

with CRV, CRV sold its interest in the equipment to Union Trust for $1.00.  (Id. at 3.)  Union

Trust continues to benefit from the use of the equipment.  (Id.)

       In an effort to obtain some compensation, Singer initiated a lawsuit in state court against

CRV, Grasso, and Miller and negotiated a settlement with various terms.  (Id. at 4; see Memo.

Ex. D-5.)  The judgment allegedly requires Grasso and Miller each to personally contribute

$350,000.  In re Union Trust Phila., LLC, No. 11-12565, 2011 WL 2604784, at *2 (Bankr. E.D.

Pa. June 30, 2011).  Grasso and Miller are appealing from the judgment.

       After Grasso and Miller filed their appeal in state court, Union Trust requested the

Bankruptcy Court to extend to Grasso and Miller, as non-debtors, the protection afforded Union

Trust by the automatic stay of 11 U.S.C. § 362.  (Memo. at 4.)  After a hearing on the matter,

including testimony, and despite Singer's objections, the Bankruptcy Court acquiesced in

Grasso's and Miller's unusual request and extended the automatic stay.  In re Union Trust, 2011

WL 2604784, at *4.  The Bankruptcy Court also enjoined Singer from enforcing its state court

judgment.  Id.  The court concluded Grasso and Miller are essential to Union Trust's ability to

submit a successful reorganization plan and that without the protection of the stay, significant,

time, money, and effort would be diverted from that goal.  Id. at *6.

The Bankruptcy Court granted the extension of the automatic stay until August 31, 2011 to allow Union Trust to prepare and submit a reorganization plan, but also acknowledged Union Trust would likely seek more time to file its plan.  (Memo. Ex. A at 159.)  The Bankruptcy Court refused Singer's request to limit the duration of the stay to July 31.  (Id. at 158-59.)  In an effort to protect Singer's interests, the court required Grasso and Miller to submit financial affidavits of their personal assets, which Union Trust represents were submitted.  In re Union Trust, 2011 WL 2604784, at *7; (Memo. Ex. A at 159-60).

Singer appealed the Bankruptcy Court's order extending the automatic stay to Grasso and Miller and also filed the instant Motion to stay the injunction imposed against the state court judgment.  (See Certificate of Appeal, In re Union Trust Phila., LLC, No. 11-4580 (E.D. Pa. July 20, 2011), ECF No. 1; Mot. for Stay.)  This Court held an expedited hearing on the Motion on July 18, 2011, at which time the Court requested additional briefing on the effect of the Anti-Injunction Act.  Both parties complied.  (Union Trust Supp. Memo., ECF No. 6; Singer Supp. Memo., ECF No. 8.)  The Court is now prepared to rule on the Motion.

## II.   Jurisdiction and Standard of Review

The Court exercises jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  Federal Rule of Bankruptcy Procedure 8005 permits a party to seek a stay of a Bankruptcy Court's order. Fed. R. Bankr. P. 8005.  A stay pending appeal is appropriate if the moving party shows: (1) a strong likelihood of success on the merits of the appeal; (2) irreparable injury absent a stay; (3) the balance of hardships between the parties weighs in its favor; and (4) the public interest will be effected.  See In re Blackwell, 162 B.R. 117, 119 (E.D. Pa. 1993).

III.   **Parties' Contentions**

Singer contends it is entitled to a stay pending appeal of the Bankruptcy Court's order for several reasons.  First, it argues the Anti-Injunction Act, 28 U.S.C. § 2283, prohibits the Bankruptcy Court from enjoining the state action against Grasso and Miller.  Further, Singer argues the Bankruptcy Court lacked jurisdiction over Singer's action against Grasso and Miller and improperly extended the automatic stay to the non-debtors.  Finally, Singer argues the Bankruptcy Court abused its discretion in issuing the injunction.

Union Trust responds that an exception to the Anti-Injunction Act applies to bankruptcy matters, such as this case.  Further, Union Trust contends Singer has not met its burden to show it is entitled to a stay pending appeal – Singer cannot show a strong likelihood of success on the merits of its appeal and cannot show irreparable harm.  Finally, Union Trust asks the Court to find that Singer is procedurally barred from seeking a stay from this Court without seeking such relief from the Bankruptcy Court in the first instance.

IV.   **Discussion**

"A motion for the stay of the . . . order . . . of a bankruptcy judge . . . must ordinarily be presented to the bankruptcy judge in the first instance. . . . A motion for such relief . . . may be made to the district court[,] but the motion shall show why the relief . . . was not obtained from the bankruptcy judge."  Fed. R. Bankr. P. 8005; see also Phar-Mor, Inc. v. Coopers & Lybrand, 22 F.3d 1228, 1237 (3d Cir. 1994) (suggesting bankruptcy rules can apply to proceedings pending before a federal district court).  Union Trust contends Singer failed to request a stay first in the Bankruptcy Court and is now barred from seeking a stay in this Court.  Singer responds any effort in the Bankruptcy Court would have been futile and, therefore, it should be excused

-4-

from the requirement.

Courts that have considered the issue characterize Rule 8005 as imposing two requirements: (1) the moving party must seek a stay from the bankruptcy court in the first instance, and (2) the motion must indicate why the requested relief was not obtained from the bankruptcy court.  E.g., In re Duncan, 107 B.R. 758, 759 (W.D. Okla. 1988); see In re Drislor Assocs., 110 B.R. 937, 939 (D. Colo. 1990) (finding violation of Rule 8005 by failing to first request in bankruptcy court and failing to show why relief was denied).

To escape the requirement, the party seeking a stay must show the bankruptcy judge was unavailable or the request was previously denied.  See In re O'Kelley, No. 10-356, 2010 WL 3984666, at *3 (D. Haw. Oct. 8, 2010); In re Fort Defiance Hous. Corp., No. 09-644, 2009 WL 3352303, at *1 (D. Ariz. Oct. 16, 2009) (stating failure to comply with Rule 8005 weighs heavily against granting stay and may be fatal to request).  In addition, the moving party can show the bankruptcy court previously denied other requests for stays to justify not seeking the stay request pending before the district court.  In re Allegheny Health, Educ. & Research Fund, 252 B.R. 309, 321 (W.D. Pa. 1999) (observing Rule 8005 contemplates non-ordinary circumstances).

In this case, Singer argues it should not be required to comply with Rule 8005 because it would be futile to seek a stay from the Bankruptcy Court.  Singer bases its position on the general tenor of the hearing before the Bankruptcy Court and the court's rejection of Singer's request to limit the duration of the automatic stay extension to July 31.  In support of its position, Singer relies on In re SI Restructuring, Inc., a decision from the Fifth Circuit finding no violation of Rule 8005 in seeking a stay from the district court.  542 F.3d 131 (5th Cir. 2008).  SI Restructuring, however, is distinguishable from the instant case.  The moving party had

previously requested a stay from the bankruptcy court, which the court granted for ten days.  Id. at 135.  The court also advised the party it would need to seek further affirmative relief.  Id. According to the Fifth Circuit, this limited duration made clear no additional stay would be granted under any circumstances.  Id.  Therefore, the moving party did not need to first seek further relief in the bankruptcy court and did not violate Rule 8005.  Id.

In this case, Singer never requested the Bankruptcy Court stay its decision, only that it consider a shorter duration of the order.  The court's rationale for denying the request thus focused on why it was allowing Grasso and Miller more time, not why it would not delay enforcement of the order.  (Memo. Ex. A at 158-59.)  For these reasons, SI Restructuring is distinguishable.  See In re 347 Linden LLC, No. 11-1990, 2011 WL 2413526, at *5 (E.D.N.Y. June 8, 2011) (finding SI Restructuring distinguishable because moving party at least initially moved for stay in bankruptcy court, which allowed court to include reasons on record for subsequent court review).  As it stands now, Singer never requested a stay of the order and, consequently, cannot show why the relief was not obtained from the bankruptcy court.  See Bankr. R. 8005; In re Duncan, 107 B.R. at 759.

For these reasons, the Court will deny Singer's Motion because it failed to comply with Rule 8005.  If Singer decides to pursue such relief in the Bankruptcy Court, the parties and that court should consider whether Union Trust, Grasso, and Miller have adequately explored their options for relief under state law, such as a stay of the state court judgment, the availability of a bond pending the appeal, or requesting an expedited appellate process.  Any of these options may address their concerns and would not require a federal court to invoke an extraordinary and novel remedy which our research shows has not ever been approved by Third Circuit precedent with

similar facts.  Instead, the Bankruptcy Court relied almost exclusively on Bankruptcy Court decisions.

Further, Singer may find it appropriate to present, and the Bankruptcy Court to consider in greater detail, the implications under the Anti-Injunction Act for enjoining state proceedings which have already culminated in a judgment against non-debtors.  Finally, the parties may find it prudent to brief in greater detail the context of the Fourth Circuit's decision in <u>A.H. Robins Co. v. Piccinin</u>, 788 F.2d 994 (4th Cir. 1986), and how a court in the Third Circuit should consider that decision.  The parties and the Bankruptcy Court should particularly focus on whether the instant case truly presents the "unusual circumstances" that are the linchpin of <u>A.H. Robins</u> and its progeny to prevent the exception from swallowing the general rule that only debtors are entitled to an automatic stay.  <u>See</u> <u>McCartney v. Integra Nat'l Bank N.</u>, 106 F.3d 506, 509-10 (3d Cir. 1997).

**V.**     <u>**Conclusion**</u>

For the foregoing reasons, Singer's Motion for Stay Pending Appeal will be **denied**.  An appropriate Order will follow.

O:\Todd\11-141 In re Union Trust\Union Trust - Memo re Singer Motion for Stay - draft 2.wpd